NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE: MH2022-006131

No. 1 CA-MH 25-0083

FILED 12-08-2025

Appeal from the Superior Court in Maricopa County
No. MH2022-006131
The Honorable Thomas A Kaipio, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Grand Canyon Law Group LLC, Mesa
By Victoria Wilde
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Joseph J. Branco, Sean M. Moore
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

**M O R S E**, Judge:

¶1        J.B. ("Petitioner") appeals the denial of his petition for restoration of gun rights under A.R.S. § 13-925.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In late July 2022, Petitioner experienced an episode of severe visual and auditory hallucinations involving snipers targeting his house. During this episode, Petitioner fired a gun and hit the wall of an occupied room in a neighboring house.  Phoenix police found him with two guns, delirious and roaming the streets.  The state petitioned for a court-ordered mental-health evaluation.   In August 2022, after multiple medical professionals evaluated him, Petitioner was designated Seriously Mentally Ill ("SMI") under A.R.S. § 36-550(4), "persistently or acutely disabled" and "dangerous to others," and the court ordered treatment under A.R.S. § 36-540.  As a result of the SMI designation, Petitioner became a prohibited possessor under A.R.S. § 13-3101(A)(7)(a) and lost his right to possess firearms.

¶3        Four months later, in January 2023, Petitioner successfully had the court-ordered treatment terminated.  In March 2023, he requested clinical decertification of the SMI designation and offered an attestation by his healthcare provider that he no longer met the criteria.  Solari, the provider of mental-health crisis services, denied the request because it wanted to see long-term stability first.  Petitioner appealed, and following an August 2023 administrative hearing, the administrative law judge denied the request. Solari granted a subsequent August 2024 decertification request.  Petitioner then filed his September 2024 petition under section 13-925 to restore his right to possess firearms.  Petitioner claimed the hallucinations and erratic behavior were an isolated incident, caused solely by Petitioner mixing alcohol, opiates, and medications to manage the pain from a recent cancer surgery.  The superior court held the hearing required by the statute and denied the petition.

¶4        Petitioner timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(5)(d).

## DISCUSSION

¶5        On appeal, Petitioner claims insufficient evidence supports the denial of his restoration request.  He also argues that, under the facts of

his case, denying restoration unconstitutionally deprives him of his right to bear arms under the Second Amendment to the U.S. Constitution.

## I. Sufficiency of the Evidence.

**¶6** Petitioner argues the court's denial rests on insufficient evidence. He claims that because the statute requires assessment of Petitioner's current mental state, the State must present evidence to contradict the evidence from Petitioner's expert. Because the State failed to do so, Petitioner asserts that the court should have found his evidence clear and convincing and granted the petition.

**¶7** Both parties agree that the standard of review in this case should be clear error. That is only partially correct. A challenge to the sufficiency of the evidence is a mixed question of fact and law, so we defer to the court's factual findings, unless clearly erroneous, and review the court's legal conclusions de novo. *Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 128, ¶ 13 (App. 2012). A factual finding supported by substantial evidence is not clearly erroneous, even if the record contains conflicting substantial evidence. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51–52, ¶ 11 (App. 2009). Petitioner challenges the substantive outcome of the hearing and the underlying factual findings, so we review both.

**¶8** A person found to be a danger to self or others, or to be persistently or acutely disabled, loses the right to possess a firearm. A.R.S. § 13-3101(A)(7)(a). Section 13-925(C) allows that person to petition for a restoration hearing, at which the court must receive evidence on six factors: (1) the circumstances leading to the original prohibited possessor designation, (2) the person's criminal and mental-health records, (3) character evidence of the person's reputation, (4) whether the danger, disability, or other circumstances that triggered the original order remain in effect, (5) any relevant change to the person's condition or circumstances, and (6) any other evidence the court deems admissible.

**¶9** The petitioning party must prove by clear and convincing evidence that he is not likely to endanger public safety, and restoration is not contrary to public interest. A.R.S. § 13-925(D). The court must then issue findings of fact and conclusions of law. A.R.S. § 13-925(E).

**¶10** The court's decision complied with the statutory requirements. The court explicitly considered all available evidence: the state-provided criminal record that included mental-health records, the findings of the administrative law judge at the earlier hearing, the written report and testimony by Petitioner's expert, and Petitioner's testimony. The

court also analyzed the statutory factors. It reviewed the evaluations and order for treatment that led to the prohibited-possessor designation. It found the character evidence insufficient because none of the letters addressed Petitioner's firearm use—a key event that triggered the events leading up to the proceedings. The court also noted Petitioner's pre-incident mental-health and other issues, including post-traumatic stress disorder ("PTSD"), chronic pain, depression with a prior prescription for an antidepressant, and alcohol and opiate use around the time of the incident. Because the record lacked evidence of treatment for some of these issues, the court discounted the expert opinion. Even if, as Petitioner's expert claimed, the specific circumstances that triggered the hallucinations no longer existed and there was no risk of recurrence, the court found other substantive evidence in the record that Petitioner could still pose a risk to public safety.

¶11        Petitioner argues that the court clearly erred because the State stipulated to the expert's qualifications and did not offer any rebuttal evidence. Thus, Petitioner concludes, the court failed to consider evidence of his *current* state of mind.

¶12        As noted above, Petitioner bears the burden of proof. A.R.S. § 13-925(C). The State only had to provide a copy of Petitioner's criminal record, not present its own case-in-chief. *Id.* We have also previously emphasized that the court's role in a restoration hearing is "predictive and discretionary," and the legislature never contemplated a "full-blown adversar[ial] hearing." *Pinal Cnty. Bd. of Supervisors v. Georgini*, 235 Ariz. 578, 586, ¶ 29 (App. 2014). Petitioner's argument imposes a higher burden on the State than the statutory text and our case law support.

¶13        While we agree that section 13-925(D) places the burden on Petitioner to demonstrate, by clear and convincing evidence, that he is not a danger to the public *now*, Petitioner misunderstands the basis for the court's decision. The court discounted the expert's opinion that Petitioner did not pose a current risk because Petitioner did not provide any record of treatment for his other issues (PTSD, depression, and substance abuse around the time of the incident). The statute explicitly grants the court broad discretion to consider any admissible evidence. A.R.S. § 13-925(C)(6). And a court sitting as finder of fact weighs the evidence. *See Crosby v. Fish*, 259 Ariz. 127, 150, ¶ 25 (App. 2024). We will not reweigh the evidence or substitute our evaluation of the facts. *Castro*, 222 Ariz. at 52, ¶ 11. The court did not clearly err in finding that Petitioner's unaddressed mental-health issues were evidence of present risk and he did not prove by clear and convincing evidence that restoration was not contrary to the public interest.

**¶14** Petitioner's related argument—that the court improperly substituted its own opinion by discounting the expert opinion in the absence of contrary evidence—also fails. Section 13-925 does not require the court to find Petitioner suffers from a mental disorder, only that he is unlikely to endanger the public, and the restoration is not contrary to the public interest. *Georgini*, 235 Ariz. at 582–583, ¶ 12. The court did not substitute its own opinion. It simply weighed the evidence differently than Petitioner and concluded that, as a matter of law, he had not met the bar for restoration.

**¶15** Seeing no clear error in the superior court's factual findings, we see no error in its final decision.

## II. Arguments Waived on Appeal.

**¶16** In his reply brief, Petitioner additionally argues that the medical professionals who evaluated Petitioner initially were not called to testify and the statute does not require the character letters to address Petitioner's firearm use. Arguments raised for the first time in the reply are waived. *Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007). Therefore, we do not address them.

**¶17** Petitioner also raises a Second Amendment claim, citing that the right to bear arms is a fundamental constitutional right under *District of Columbia v. Heller*, 554 U.S. 570 (2008). Petitioner acknowledges that a person experiencing a mental-health crisis could be lawfully restricted from possessing firearms for a limited time. But he also claims the State's interest in ensuring public safety must be balanced against Petitioner's interest in having his Second Amendment right restored when the underlying basis for the restriction no longer applies. Petitioner essentially challenges the constitutionality of the statute "as-applied" to him, suggesting a heightened standard should apply to the denial because it implicates a fundamental constitutional right.

**¶18** But Petitioner did not raise this argument before the superior court. "[W]e generally do not consider issues, even constitutional issues, raised for the first time on appeal." *Englert v. Carondelet Health Network*, 199 Ariz. 21, 27, ¶ 13 (App. 2000). And as-applied challenges require that we look at specific facts and circumstances that show the application of the statute to Petitioner was unconstitutional. *Ctr. for Arizona Pol'y Inc. v. Arizona Sec. of State*, 258 Ariz. 570, 586, ¶ 49 (App. 2024). "In most instances, issues must be raised in the trial court, both to create a record to serve as a foundation for review, and to allow the lower court an opportunity to

weigh and decide the issue." *State v. White*, 194 Ariz. 344, 354, ¶ 44 (1999) (finding waiver is proper for an alleged constitutional violation not raised at trial). But we have recognized that certain issues are so egregious and important to the integrity of the system that they require review as fundamental error. *Id.* at ¶ 45. Because there is no risk of permanent deprivation, we see no such error here. Petitioner is free to request another hearing and present additional evidence in favor of restoration. Petitioner failed to present this argument to the superior court, and we decline to address it.

## CONCLUSION

¶**19**         We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:         JR